COMMONWEALTH *vs.* OLDEST THAMES. February 22, 1978. The defendant appeals from convictions after a jury trial for robbery (two counts) and assault and battery. Despite their struggles, the defendant successively seized the handbags of two young women at night on a "well-lit" street and injured one of the victims with a blow to her head. The defendant fled pursued by a police officer attracted to the scene by the screams of the victims. A few minutes thereafter the police found the defendant hiding under a van on a nearby street. Within ten minutes of the robbery both victims positively identified the defendant as their assailant as he was standing on the street with the police. Their identification of the defendant at trial was supplemented by that of the officer who had pursued him. 1. There was no abuse of discretion on the part of the judge in his refusal to stop the trial in the middle of testimony to permit defense counsel to search three reels of tape (each with two sides) for the purpose of playing to the jury four allegedly inconsistent statements made by the victims at a probable cause hearing a year earlier, no effort having been made in the interim to have relevant portions of the tapes transcribed in more manageable form. See *Commonwealth* v. *Wilson,* 360 Mass. 557 (1971). The judge listened to the statements and on the following day permitted defense counsel to read two of them to the jury for impeachment purposes, having found the other two not to be inconsistent with the victims' testimony at trial. Defense counsel had ample opportunity to cross examine both victims on all aspects of the case. 2. The two statements which the judge excluded related to the victims' description of the defendant as given to the police on the night of the crimes. There was no clear showing that the police on that night had asked the victims for a description of their assailant's clothing. At trial they testified that he wore a shirt with a flowered pattern. Even assuming that these statements may have been to a degree inconsistent with the description given by the victims at trial, the attempted introduction of the statements was addressed to credibility rather than to substance. *Commonwealth* v. *Morgan,* 369 Mass. 332, 339-340 (1975), cert. denied, 427 U.S. 905 (1976). The exclusion of those statements was, in any event, harmless beyond a reasonable doubt in light of the other compelling evidence establishing the defendant's guilt. See *Commonwealth* v. *Anderson,* 3 Mass. App. Ct. 463, 466-467 (1975), cert. denied, 424 U.S. 926 (1976); *Commonwealth* v. *Morgan, supra* at 339-341; *Commonwealth* v. *Grieco,* 5 Mass. App. Ct. 350, 359 (1977).

*Judgments affirmed.*

*Beth H. Saltzman* for the defendant.
*Joseph S. Ayoub, Jr.,* Special Assistant District Attorney, for the Commonwealth.